UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONNIE BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3270 |
| | ) | |
| GUY GROOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On November 6, 2012, the Court denied Plaintiff's petition to proceed in forma pauperis, concluding that Plaintiff could not state a claim for lack of mental health treatment because Plaintiff had not consented to the treatment offered.

Plaintiff moves to reconsider that ruling and has filed an amended complaint. The allegations in the amended complaint clarify that Plaintiff has in fact consented to the treatment offered. The amended complaint states an arguable claim that the treatment Plaintiff needs in order to progress towards his release is being denied.

The amended complaint also states a claim for failure to protect arising from the hiring of the mother of Plaintiff's victim.  According to Plaintiff, Defendant Dawn Roberts is the mother of Plaintiff's victim and has been hired as a security guard at the facility.  Defendant Roberts' presence has allegedly resulted in other employees threatening and harassing Plaintiff.  Plaintiff in part blames Defendants' Roberts' presence for Defendants' refusal to provide him mental health treatment.

**IT IS ORDERED:**

    1.   Plaintiff's motion for reconsideration is granted (d/e 7). The 11/13/12 text order dismissing this case is vacated.

    2.   Plaintiff's petition to proceed in forma pauperis is granted (d/e 10).  Pursuant to its review of the Amended Complaint, the Court finds that Plaintiff states federal constitutional claims for deliberate indifference to Plaintiff's need for mental health treatment and for failure to protect Plaintiff.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on September 9, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues

need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:  1)  add the current Director of Rushville Treatment and Detention Center as a Defendant in his official and individual capacity; and, 2) attempt service on Defendants pursuant to the standard procedures.

ENTERED:  July 15, 2013

FOR THE COURT:

                                       s/Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE